Hyman, C. J.
Mrs. Delettre caused an auctioneer in the city of New Orleans to offer for sale a slave at public auction, who was adjudicated to plaintiff for $580.
Plaintiff deposited with Arthur Brocard, a notary, a cheek for that amount, to be by him handed to Mrs. Delettre as soon as she made to plaintiff, a good and valid title to the slave, by an act of sale which was to be passed before him as notary.
Mrs. Delettre failed to make a title, as it was discovered that she was not the owner of the slave, and plaintiff sued Brocard and Mrs. Delpeuch as the security on his bond, as notary, for the amount of the check, alleging that he had collected the same.
Judgment was rendered against both'defendants, and Mrs. Delpeuch has appealed.
There is no authority given by law to a notary, when parties intend to pass acts of sale before him, for him to receive moneys or checks from one party to deliver to another. Such an act forms no part of his duty as a notary.
The security which he gives for the faithful performance of his duties as'notary, is only bound for such acts of his as the law authorizes or requires him to-do >in-his official capacity.
Appellant, in her answer, averred that a provost court in a proceeding before it between plaintiff and Mrs. Delettre, had ordered Brocard to retain the $580, until Mrs. Delettre could furnish a clear title to the slave.--"'
*79 The Judge of the District Court gave this allegation as an additional reason why he rendered judgment against appellant.'
He says: “ By this order of the provost court, Brocard was made the common custodian of both parties in his official capacity; that the official deposit was recognized by an omnipotent court.” . . .1
Of the extent of the power of a provost court, the Judge, had nothing to do in deciding this case, as regards the appellant.
She had bound herself on the bond, for the faithful discharge .by Brocard of his duties as a notary, as presented by the laws of the State of Louisiana only.
Whatever other capacity than that given by the law of the State which a provost court could confer on the notary, Brocard, would not change •her obligation.
Let the judgment of the District Court, so far as it is against the appellant, be annulled and reversed, and let there be judgment in favor of appellant, with costs in both courts.